IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 14-cv-00021-RPM

PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY,

      Plaintiff,

v.

LANDON TRANSPORT LOGISTICS, LLC;
THE TOP SHOP, INC., d/b/a American Cabinet & Flooring, Inc.; and
LOGISTICS DIRECT, LLC,

      Defendants.

---

## ORDER FOR DISMISSAL

---

This diversity action is an insurance coverage dispute.  It arises out of an underlying state court action involving allegations of damages to transported goods.

The Top Shop, Inc. (Top Shop) is a Colorado corporation with its principal place of business in Denver, Colorado.  In June 2012, Top Shop entered into an agreement with Logistics Direct, LLC (Logistics), a Colorado limited liability company, for the transportation and delivery of custom-made countertops and related goods from Top Shop's manufacturing facility in Denver to a Top Shop customer near Austin, Texas.  Logistics subcontracted the job to Landon Transport Logistics, LLC (Landon), a Texas limited liability company.  In June 2012, the goods were loaded onto Landon's truck at Top Shop's facility in Denver.  When the goods arrived in Texas, they were damaged.

Top Shop submitted a claim to Logistics.  Logistics denied liability on the ground that it did not actually transport the goods.

Top Shop submitted its claim to Landon.  During the relevant time period, Landon was an insured under a commercial inland marine insurance policy, Policy Number 811101-0390732Y (the Policy), issued by Pennsylvania Manufacturers' Association Insurance Company (Penn Manufacturers).  The Policy provided cargo coverage.  Landon tendered the claim to Penn Manufacturers.  Penn Manufacturers declined coverage, contending that coverage for Top Shop's claim is excluded by Policy exclusions for "improper packing, or stowage or rough handling" and "improper securement."

In March 2013, Top Shop filed suit against Logistics and Landon in a state court action captioned *The Top Shop, Inc. v. Logistics Direct, LLC and Landon Transport Logistics, LLC*, Case No. 2013CV030055, in the District Court for Adams County, Colorado (the underlying action).  Top Shop's complaint alleged three claims for relief:  (1) breach of contract; (2) negligence, and (3) strict liability under the Carmack Amendment, 49 U.S.C. § 14706 *et seq*. The Carmack Amendment claim was asserted against Landon only.

Initially, Penn Manufacturers refused to provide a defense for Landon in the Top Shop action.

In May 2013, when the Top Shop litigation was pending, Landon filed suit against Penn Manufacturers in a state court action captioned *Landon Transport Logistics, LLC v. Pennsylvania Manufacturers' Association Insurance Company*, Case Number 2013CV31413, in the District Court for Adams County, Colorado, alleging that Penn Manufacturers breached its insurance obligations under the Policy by refusing to provide a defense or indemnity for Top

Shop's claim.  Landon's state court complaint alleges three claims for relief against Penn Manufacturers:  (1) breach of contract; (2) violations of C.R.S. §§ 10-3-1115 and 1116, and (3) bad faith breach of insurance contract.

Penn Manufacturers answered Landon's complaint and denied liability.  Among other defenses, Penn Manufacturers alleged that Landon's claims may be barred or limited by the terms, conditions, and exclusions set forth in the Policy.  In September 2013, Penn Manufacturers moved for summary judgment in its favor on all of Landon's claims, arguing that undisputed facts established that Top Shop's claim fell within a Policy exclusion and consequently that Penn Manufacturers had no duty to indemnify or defend Landon.  Landon opposed that motion and cross-moved for partial summary judgment, seeking a determination that Penn Manufacturers was obligated to defend Landon in the underlying Top Shop action.

In an order dated November 12, 2013, the state court denied Penn Manufacturers' motion for summary judgment and granted Landon's motion for partial summary judgment.  With respect to the duty to defend, the state court held that Top Shop's complaint stated a claim which might fall within coverage of the Policy and thus under Colorado's "complaint rule" (also known as the "four corners rule"), Penn Manufacturers owed Landon a duty of defense.[1]  The state court found that disputed issues of material fact precluded entry of judgment with respect to Landon's remaining claims of statutory violations and bad faith breach of the insurance contract.

---

[1]Under Colorado's "complaint rule," an insurer's duty to defend arises when the underlying complaint alleges any facts that might fall within the coverage of the policy, and thus the duty to defend is determined by examination of solely the policy and the underlying complaint. *See Hecla Mining Co. v. New Hampshire Ins. Co.*, 811 P.2d 1083, 1089 (Colo.1991).

In compliance with the state court's order, Penn Manufacturers retained defense counsel for Landon and began funding Landon's defense in the underlying Top Shop action.

The Top Shop action was set for trial to commence on January 13, 2014.  Landon's breach of contract/insurance bad faith action was temporarily stayed until conclusion of the trial of the underlying Top Shop action.

On January 2, 2014, Penn Manufacturers filed this federal declaratory judgment action against Landon, Top Shop, and Logistics.  In its first claim for relief, Penn Manufacturers seeks a determination that it has no duty of indemnification for any adverse judgment against Landon in the underlying Top Shop action.  That claim is alleged against all three defendants.  Penn Manufacturers' second claim for relief is alleged against Landon only and seeks recovery of the amounts that Penn Manufacturers has expended defending Landon in the underlying Top Shop action.

Shortly after Penn Manufacturers filed this federal action, the underlying Top Shop action was tried to a jury.  On January 15, 2014, the jury returned a verdict in favor of Top Shop against Landon.  The verdict form informed the jury that the trial court had determined that Top Shop met its burden of proof regarding the Carmack Amendment and asked the jury to answer the following two questions:  (1)  Had Landon proved by a preponderance of the evidence that Landon was not negligent?; and (2) Had Landon proved by a preponderance of the evidence that Top Shop had improperly loaded the goods and this caused any damage it suffered?  The jury answered "No" to both questions and awarded damages against Landon in the amount of $48,500.

It is anticipated that the state court will enter judgment on the jury verdict against Landon in the near future.

This court's record does not indicate that any verdict or judgment was rendered against Logistics in the underlying Top Shop action.

A jury trial of Landon's state court action against Penn Manufacturers is set to commence on May 5, 2014.

In this federal action, the defendants filed separate motions for dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).  Penn Manufacturers filed a combined response, and the defendants replied.  The motions are now fully briefed.

Landon argues that the amount in controversy does not exceed the $75,000 threshold for federal diversity jurisdiction.  That argument fails.  Penn Manufacturers' claims against Landon involve both its duty of indemnity with respect to the jury verdict and the cost of defending Landon in the Top Shop action.  Penn Manufacturers has shown that those combined amounts exceed $75,000.

Logistics and Top Shop argue that the Penn Manufacturers' allegations are not sufficient to state claims against them, pointing out that they are not insureds under the Policy and paragraph 30 of the amended complaint alleges only "on information and belief" that they "may seek benefits under the Policy for damages caused by Landon."

There is no actual controversy between Penn Manufacturers and Logistics.  The insurance coverage dispute is between Penn Manufacturers (the insurer) and Landon (the insured).   The complaint does not allege that Logistics has made a claim under the Policy and nothing in the court record indicates that it would have any basis for doing so.

Similarly, there is no present controversy between Penn Manufacturers and Top Shop. Upon entry of judgment on the jury verdict against Landon, Top Shop will become a judgment creditor of Landon, with standing to prosecute garnishment proceedings against Penn Manufacturers.  At present, however, the complaint does not allege sufficient facts to show an actual controversy between Penn Manufacturers and Top Shop.

In a declaratory judgment action, a federal district court has discretion to abstain in favor of the pending state court proceeding even though diversity of citizenship provides an independent basis for jurisdiction.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289–90 (1995); *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942).

Factors relevant to this court's determination of whether to accept jurisdiction include "the scope of the state proceeding, whether the claims of all parties can be adjudicated in that proceeding, whether necessary parties have been joined, whether they are amenable to process, and any other factor bearing on the central question of which forum can better resolve the controversy." *United States v. City of Las Cruces*, 289 F.3d 1170, 1187 (10th Cir.2002) (citing *Brillhart*, 316 U.S. at 495). The Tenth Circuit has adopted a list of five additional factors to guide the evaluation.  Those factors are:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata; [4] whether use of declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*City of Las Cruces*, 289 F.3d at 1187 (quoting *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir.1994)).

-6-

Landon's state court action and this federal action are parallel actions.  There is no merit to Penn Manufacturers' argument that the focus of the two actions is different.  Landon's claims and Penn Manufacturers' defenses in the state court action encompass the question of Penn Manufacturer's duty of indemnification.  This federal action does not serve any additional purpose with respect to clarifying the legal relations at issue.

The state court provides an adequate forum for the resolution of the insurance coverage disputes, which involve solely the application of Colorado law.  The same state court judge (Judge C. Scott Crabtree) is presiding over both the underlying Top Shop action and Landon's breach of contract/insurance bad faith action against Penn Manufacturers.  That court has heard three days of testimony in the Top Shop action and has already addressed certain issues regarding Penn Manufacturers' insurance obligations.

Proceedings in Landon's state court action against Penn Manufacturers are more advanced, with a trial scheduled for May, 2014.  A parallel proceeding in this federal court would improperly encroach upon state jurisdiction.

The procedural histories of the Landon state court action and this action show that Penn Manufacturers sought this federal forum only after the state court denied its motion for summary judgment.  That chronology is indicative of "procedural fencing" – that is, the use of this forum to circumvent the state court proceedings.  This court declines to exercise jurisdiction over a declaratory judgment action filed for that purpose.

Based on the foregoing, it is

ORDERED that Defendant Logistics Direct, LLC's motion [#12] for dismissal pursuant to Fed.R.Civ.P. 12(b)(1) is granted; and it is

FURTHER ORDERED that Defendant Landon Transport Logistics, LLC's motion [#13] for dismissal pursuant to Fed.R.Civ.P. 12(b)(1) is granted, and it is

FURTHER ORDERED that Defendant The Top Shop, Inc.'s motion [#16] for dismissal pursuant to Fed.R.Civ.P.12(b)(1) is granted.

The clerk shall enter judgment dismissing this civil action without prejudice and awarding costs to the defendants upon their filing of Bills of Costs pursuant to D.C.COLO.LCivR 54.1.

Date:   April 14, 2014

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge